SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER S. HECKER (Bar No. 66159)
phecker@sheppardmullin.com
DAVID E. SNYDER (Bar No. 262001)
dsnyder@sheppardmullin.com
Four Embarcadero Center
Seventeenth Floor
San Francisco, CA  94111-4109
Telephone:  (415) 774-3155
Facsimile:  (415) 403-6224

CARLTON FIELDS JORDEN BURT, P.A.
FRANK G. BURT (*pro hac vice*)
fburt@cfjblaw.com
W. GLENN MERTEN (*pro hac vice*)
gmerten@cfjblaw.com
DENISE A. FEE (*pro hac vice*)
dfee@cfjblaw.com
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC  20007-0805
Telephone:  (202) 965-8100
Facsimile:  (202) 965-8104

Attorneys for Defendant
AMERICAN SECURITY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STANLEY D. CANNON, PATRICIA R. CANNON, and CHERYL BULLOCK individually, and for all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., WELLS FARGO INSURANCE, INC., and AMERICAN SECURITY INSURANCE COMPANY,<br><br>Defendants. | Case No. C12-1376-EMC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING SETTLEMENT PROCEEDINGS IN RELATED ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       TBD<br>Time:       TBD<br>Judge:      Hon. Edward M. Chen<br>Courtroom:  5, 17th Floor |

07685.1150/3117449.1

DEFENDANTS' MOTION TO STAY PENDING SETTLEMENT PROCEEDINGS IN RELATED ACTION; MEMORANDUM OF LAW IN SUPPORT OF MOTION; C12-1376-EMC

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that as soon as the matter may be heard before the Honorable Edward M. Chen, United States District Judge, in Courtroom 5, 17th Floor, of the above Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants American Security Insurance Company ("ASIC"), Wells Fargo Bank, N.A., and Wells Fargo Insurance, Inc. (collectively, "Wells Fargo") (together with ASIC, "Defendants") will and hereby do move for an order staying all further proceedings and vacating all motion and discovery response deadlines and the settlement conference pending in the above-captioned case ("*Cannon*") pending final approval of the settlement in principle reached on February 3, 2014 in *Fladell v. Wells Fargo Bank, N.A., et al.*, 13-cv-60721 (S.D. Fla.) ("*Fladell*"), a nationwide class action involving lender-placed insurance ("LPI") and the same claims and putative class members as that of *Cannon*.

Defendants' Motion to Stay is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of W. Glenn Merten and Jonah Van Zandt filed in support thereof, the pleadings, orders, and other papers on file in this action and related actions, and on such other evidence and argument as may be presented to the Court on reply and/or at the time of hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT**

On February 3, 2014, the parties in *Fladell* reached a settlement in principle that, upon final court approval, will resolve once and for all the class action claims pending before this Court in *Cannon*. As is the practice of this and other federal courts, when a class action settlement is pending approval in another court that will resolve the class action claims pending before this Court, the Court may enter an order staying all proceedings to facilitate and help advance the settlement approval process in the other court and avoid the waste of party or judicial resources. *See*, *e.g.*, *In re: JPMorgan Chase LPI Hazard Litig.*, No. C-11-03058, 2013 WL 3829271, at *5 (N.D. Cal. July 23, 2013) (granting stay pending resolution of anticipated settlement in another LPI class action because "[a] stay will allow both parties to conserve resources should a settlement in

[the other action] be finalized."); *Jaffe v. Morgan Stanley DW, Inc.*, No. C06-3903, 2007 WL 163196, at *2 (N.D. Cal. Jan. 19, 2007) (granting two month stay to allow "advanced" settlement negotiations to play out in parallel class action).

*Cannon* is one of twenty-three parallel class action lawsuits pending against Defendants Wells Fargo Bank, N.A., Wells Fargo Insurance, Inc. and related entities in connection with the practice of placing hazard, flood, and/or wind insurance where coverage lapsed on properties securing loans owned or serviced by Wells Fargo (collectively, the "Wells Fargo LPI Class Actions"). The other Wells Fargo LPI Class Actions are:

- *Ali v. Wells Fargo Bank, N.A.*, No. 5:13-cv-00876 (W.D. Okla.)
- *Butler v. Wells Fargo Bank, N.A.*, No. 3:13-cv-01057 (S.D. Ill.)
- *Cannon v. Wells Fargo Bank, N.A.*, No. 1:12-cv-00465 (D.D.C.)
- *Cannon v. Wells Fargo Bank, N.A.*, No. 8:13-cv-01324 (D. Md.)
- *Canonico* v. Wells Fargo Bank, N.A., No. 3:13-cv-04381 (N.D. Cal.)
- *Cochran-May v. Wells Fargo Bank, N.A.*, No. 2:12-cv-00240 (S.D. Tex.)
- *Corbin v. Wells Fargo Bank, N.A.*, No. 3:13-cv-1353 (N.D. Cal.)
- *Feaz v. Wells Fargo Bank, N.A.*, No. 13-10230 (11th Cir.)
- *Guerrero v. Wells Fargo Bank, N.A.*, No. 3:12-cv-04026 (N.D. Cal.) (formerly *Lane v. Wells Fargo Bank, N.A.*, No. 3:12-cv-04026 (N.D. Cal.))
- *Hallie v. Wells Fargo Bank, N.A.*, No. 2:12-cv-00235 (N.D. Ind.)
- *Kite v. Wells Fargo Bank, N.A.*, No. 3:13-cv-02075 (D. N.J.)
- *Lane v. Wells Fargo Bank, N.A.*, No. 4:14-cv-00024 (E.D. Ark.)
- *Leghorn v. Wells Fargo Bank, N.A.*, No. 3:13-cv-00708 (N.D. Cal.)
- *McKenzie v. Wells Fargo Bank, N.A.*, No. 3:11-cv-4965 (N.D. Cal.)
- *Miller v. Wells Fargo Bank, N.A.*, No. 7:13-cv-01541 (S.D.N.Y.)
- *Morris v. Wells Fargo Bank, N.A.*, No. 2:11-cv-00474 (W.D. Pa.)
- *Sayago v. Wells Fargo Bank, N.A.*, No. 8:11-cv-02009 (M.D. Fla.)
- *Simpkins v. Wells Fargo Bank, N.A.*, No. 3:12-cv-00768 (S.D. Ill.)
- *Singleton v. Wells Fargo Bank, N.A.*, No. 13-60720 (5th Cir.)

- *Swain v. Wells Fargo Bank, N.A.*, No. 3:13-cv-01727 (N.D. Ohio)
- *Vanskyock v. Wells Fargo Bank N.A.*, No. 1:13-cv-01176 (S.D. Ind.)

ASIC is a defendant in many of the Wells Fargo LPI Class Actions.

If the *Fladell* settlement is approved, it will resolve all claims both here and in the above-listed cases. *See* Declaration of W. Glenn Merten ("Merten Decl.") Ex. A, *Fladell*, ECF No. 145, Joint Motion for Stay of Lender-Placed Insurance Claims Pending Approval of Settlement Proceedings and Notice of Class-Wide Settlement (hereinafter, "*Fladell* Joint Motion for Stay"). To expedite, facilitate, and advance the settlement approval process in *Fladell,* the parties to that action, including Wells Fargo and ASIC, jointly moved to stay all non-settlement proceedings. *Id.* This Court should enter an order for a stay of proceedings in *Cannon* pending final approval of settlement in *Fladell*.

***First***, the plaintiffs in this case and *Fladell* seek to assert claims based on Wells Fargo's provision of LPI to borrowers and alleged "kickbacks" paid by lender-placed insurers, including ASIC, to Wells Fargo. *See* Merten Decl. Ex. B, *Fladell* Compl. ¶ 1; ECF No. 137 *Cannon* Compl. ¶¶ 1-6. The plaintiffs in *Fladell* seek to represent: "[a]ll borrowers who, within the applicable statutes of limitation, were charged for a force-placed insurance policy placed on property through the Wells Fargo Defendants and/or these companies' affiliates, entities, or subsidiaries." Merten Decl. Ex. B ¶ 82. This is the same putative class of borrowers that Plaintiffs here seek to represent. *See* ECF No. 128, ¶ 94. As a result, approval of a final settlement in *Fladell* will resolve all outstanding claims in all of the other Wells Fargo LPI Class Actions, including *Cannon*.[1] *See id.* As Magistrate Judge Spero found upon consideration of a Motion to Stay Pending Settlement Proceedings in nearly identical circumstances in connection with similar LPI class actions, a stay of this action is appropriate because it will allow the parties to focus their resources and efforts on obtaining consideration and approval of the proposed settlement pending in *Fladell*. *See JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *4; *see also Packer v. Power Balance, LLC*, No. 11-802, 2011 WL 1099001, at *2 (D.N.J. Mar. 22, 2011) (granting stay where comprehensive

---

[1] Only the claims of any individuals who decide to opt out of the *Fladell* settlement would remain.

1  national settlement reached in competing class action pending in federal court and case also subject
2  to possible transfer to an MDL).
3      ***Second***, if the *Fladell* settlement is approved, the claims in *Cannon* will be resolved forever
4  without the concomitant need for the Court or the parties to waste substantial resources on the
5  motion practice and substantial discovery looming in this case, or on the settlement conference
6  currently scheduled for April 16, 2014 before Magistrate Judge Corley.  To the extent the *Cannon*
7  Plaintiffs wish to pursue any concerns regarding the potential fairness of the proposed settlement in
8  *Fladell*, they, like all other members of the putative class in *Fladell*, will be afforded a full and fair
9  opportunity to raise and vet their concerns during the approval process in *Fladell*.  "The fairness of
10 any settlement in [*Fladell*] is not an issue properly before this Court."  *JPMorgan Chase LPI*
11 *Hazard Litig.*, 2013 WL 3829271, at *4.  By staying the proceedings here, the Court also can
12 ensure that any potential disputes between competing plaintiffs in the respective Wells Fargo LPI
13 Class Actions will not spill over into these proceedings, requiring this Court to adjudicate issues
14 that could interfere with the settlement approval proceedings in *Fladell*.
15     ***Third***, a stay would not prejudice plaintiffs.  The settlement approval process in *Fladell* will
16 conclude, one way or the other, in a matter of months.  If the *Fladell* settlement is not approved, the
17 *Cannon* Plaintiffs can then move this Court to lift the stay and resume their prosecution of this
18 action.
19     Accordingly, Defendants respectfully request that this Court help facilitate a final resolution
20 to all the Wells Fargo LPI Class Actions, including *Cannon*, by entering a stay of all proceedings in
21 this lawsuit until the settlement approval proceedings in *Fladell* conclude.

## BACKGROUND

23     On February 3, 2014, the parties in *Fladell* reached a settlement in principle.  At the same
24 time, the parties in *Fladell*, including Wells Fargo and ASIC, filed a Joint Motion for Stay of the
25 proceedings in *Fladell* and presently anticipate filing a Motion for Preliminary Approval of the
26 Settlement Agreement by March 12, 2014.  Merten Decl. Ex. A at 3.
27     Discovery and class certification briefing deadlines are looming in this case.  Specifically,
28 Plaintiffs served voluminous discovery on October 8, 2013.  Merten Decl. ¶ 8 & Ex. D thereto.

Plaintiffs and ASIC have agreed to a deadline of February 28, 2014 (30 days from the January 29, 2014 Order on the Defendants' motions to dismiss) for the final production of documents by ASIC. *Id.* ¶ 8.  In addition, the Court referred this matter to Magistrate Judge Corley for settlement proceedings, and Judge Corley scheduled a settlement conference for April 16, 2014, with settlement conference statements due by April 9, 2014.  *See* Civil Minutes [ECF No. 168]; Notice of Settlement Conference [ECF No. 171].  Subsequently, Plaintiffs served a second set of requests for production of documents on ASIC on January 31, 2014, as well as requests for production of documents on Wells Fargo Bank, N.A. and Wells Fargo Insurance, Inc., and have demanded a response within 30 days and by no later than March 3, 2014 at 10:00 a.m.  Merten Decl. ¶ 8 & Ex. D thereto; Declaration of Jonah Van Zandt ("Van Zandt Decl.") ¶ 4 & Exs. A and B thereto.  The Court also permitted the parties to take five depositions prior to class certification (one of each named plaintiff and one of each defendant).  Finally, Plaintiffs' motion for class certification is due on March 13, 2014, with full briefing and then a class certification hearing set for May 15, 2014 at 1:30 p.m.  The class certification motion proceedings, the discovery proceedings, and preparation for a settlement conference will require the parties and two judges of this Court to expend substantial resources that are and will be entirely unnecessary if the settlement is approved in *Fladell*.  Instead, the parties and this Court are better served conserving and expending their resources to focus on and facilitate the settlement approval process unfolding in *Fladell*.

Because the discovery deadlines are fast approaching, Defendants have also filed a Motion to Shorten Time concurrently with their Motion to Stay.  Defendants filed their Motion to Shorten Time so the Court can consider the appropriateness of a stay before the parties are forced to expend and waste substantial resources complying with the class certification motion practice deadlines and discovery response dates.  To that end, ASIC's counsel contacted Plaintiffs' counsel via email on February 4, 2014 to attempt to obtain Plaintiffs' consent to the Motion to Stay and Motion to Shorten Time in compliance with Civil L.R. 6-3.  Merten Decl. ¶ 11.  Plaintiffs agreed to an expedited briefing schedule for the Motion to Stay, but have not responded to repeated requests for consent to the Motion to Stay.  *Id.*

# ARGUMENT

## I. A Stay Is In The Interests Of Justice And Judicial Economy

This Court has full authority to order a stay of all proceedings in *Cannon* pending the outcome of the *Fladell* settlement proceedings. "[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255-56 (1936) (noting that the decision to grant a stay is an "exercise of judgment" that requires a court to "weigh competing interests and maintain an even balance"). Indeed, "[c]ourts have also stayed civil actions pending consideration of nationwide class action settlement" in this Court and other federal courts. *Packer*, 2011 WL 1099001, at *1; *JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *4-5 (granting 60-day stay to conserve party and judicial resources); *Jaffe*, 2007 WL 163196, at *2 (granting two month stay to allow "advanced" settlement negotiations to play out in parallel class action). Such a stay is particularly appropriate where, as here, a comprehensive nationwide settlement was reached in another class action pending in federal court. *See, e.g.*, *JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *4; *Packer*, 2011 WL 1099001, at *2; *Wince v. Easterbrooke Cellular Corp.*, 681 F. Supp. 2d 688, 692 (N.D. W. Va. 2010) ("Courts routinely exercise this power and grant stays when a pending nationwide settlement could impact the claims [in the cases before them]."); *Lindley v. Life Investors Ins. Co. of Am.*, Nos. 08-CV-0379, 09-CV-0429, 2009 WL 3296498 (N.D. Okla. Oct. 9, 2009) (granting stay pending result of hearing regarding fairness of classwide settlement in similar case); *In re RC2 Corp. Toy Lead Paint Prods. Liab. Litig.*, No. 07 C 7184, 2008 WL 548772 (N.D. Ill. Feb. 20, 2008) (granting stay pending final approval of settlement in another action involving similar putative classes and claims); *Schwarz v. Prudential-Bache Secs. Inc.*, Civ. A. No. 90–6074, 1991 WL 137157 (E.D. Pa. July 19, 1991) (granting stay where parties in class action suit of which plaintiff was potential

member had "reached an agreement in principle to settle all claims").[2]

In determining whether to enter such a stay, the Court looks to a number of factors, including:

> "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at \*3 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).  Based on these and other factors, a stay is warranted in *Cannon*.

As a preliminary matter, the parties and issues are the same in *Fladell* and *Cannon.* Plaintiffs in both cases are borrowers whose loans are owned and/or serviced by Wells Fargo and who were charged for LPI.  Merten Decl. Ex. B. ¶ 1; ECF No. 137 ¶¶ 37, 44, 56, 63.  *Fladell* involves all of the Defendants in *Cannon*: Wells Fargo Bank, N.A., Wells Fargo Insurance, Inc., Assurant, Inc. and American Security Insurance Company.  Merten Decl. Ex. B at 1; ECF No. 137 at 1.  Both actions allege a scheme employed by Wells Fargo and ASIC to manipulate LPI in order to increase their own profits.  Merten Decl. Ex. B. ¶ 1; ECF No. 137  ¶¶ 1-6.  Finally, both actions seek the same relief and to certify nearly identical nationwide classes.  Merten Decl. Ex. B. ¶ 82 & Prayer for Relief; ECF No. 137 ¶ 94 & Prayer for Relief.  There can be no dispute here that the settlement of the *Fladell* action would resolve all claims pending before this Court.

In addition, the interests of the parties and judicial efficiency weigh heavily in favor of a stay.  Absent a stay, the parties and the Court will have no choice but to expend the considerable resources necessary to proceed with future motions, voluminous discovery, and a settlement conference.  *See JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at \*5 ("A stay will allow both parties to conserve their resources should a settlement in [*Fladell*] be finalized."); *Packer*,

---

[2] *See also Jaffe*, 2007 WL 163196 (granting two-month stay to allow settlement negotiations in other case to proceed); *Branca v. Iovate Health Sciences USA, Inc.*, 2013 WL 1344306, at \*1 (S.D. Cal. Apr. 2, 2013) (granting stay, and noting that "the real fight here is for control of a class action between two warring plaintiffs' firms").

2011 WL 1099001, at *2 (granting stay pending consideration of nationwide class settlement, and noting that "[i]t would be a waste of judicial resources . . . to consider the merits of Plaintiff's Complaint at the same time" another judge "is considering the nationwide settlement"); *Lindley*, 2009 WL 3296498, at *4 (stay "to allow [other] court to hold a fairness hearing will conserve defendant's resources . . . and will also conserve the Court's resources"); *Moore v. Morgan Stanley & Co., Inc.*, Civ. A. No. 07 C 5606, 2007 WL 4354987, at *2 (N.D. Ill. Dec. 6, 2007) (granting stay where "settlement in [similar] class action may have a material impact on this case" and "[s]imultaneous litigation in both venues would expend significant judicial and litigant resources"); *Annunziato v. eMachines Inc.*, No. SACV 05-610-JVS, 2006 WL 5014567, at *5 (C.D. Cal. July 24, 2006) (staying class action where parallel state court case had settled because stay would save defendants from "hundreds of hours spent on discovery and briefing").

The parties currently have numerous discovery, briefing, and settlement obligations that are fast approaching, including voluminous discovery responses, five depositions permitted by the Court, full class certification briefing, and settlement proceedings. Plaintiffs' motion for class certification is due March 13, 2014, Defendants' oppositions are due April 17, 2014, and Plaintiffs' reply is due May 1, 2014. ASIC's final production of documents in response to Plaintiffs' first set of requests for production of documents is due no later than February 28, 2014 (30 days after this Court entered its January 29, 2014 Order on Defendants' motions to dismiss). Merten Decl. ¶ 8. In addition, Plaintiffs served voluminous additional requests for production on all defendants and are demanding responses by no later than March 3, 2014. *Id.* Ex. D; Van Zandt Decl. Exs. A and B. Responding to these requests will require significant document productions by all Defendants. Furthermore, given the breadth of these requests, addressing the requests will likely require substantial meet and confer efforts between the parties and possible motion practice.

Finally, the Court has referred this case to Magistrate Judge Corley for a settlement conference currently scheduled for April 16, 2014 and has authorized five depositions. *See* Civil Minutes [ECF No. 168]; Notice of Settlement Conference [ECF No. 171]. Responding to the voluminous discovery requests, taking and defending multiple depositions, preparing lengthy and complex briefs regarding class certification, and preparing for a settlement conference will be

pointless if Chief Judge Moreno approves the *Fladell* settlement thereby disposing of all LPI claims against Wells Fargo in this action and elsewhere. *See JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *5; *Annunziato*, 2006 WL 5014567, at *5.

A stay also will conserve judicial resources. The hearing on Plaintiffs' motion for class certification is set for May 15, 2014. That motion and Defendants' responses will involve complex issues regarding the propriety of certification of two proposed nationwide classes and one proposed subclass covering seven causes of action. Given the settlement in *Fladell*, the resolution of these issues is unnecessary. *See JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *5 ("[A] stay is in the interest of judicial economy because a settlement in [*Fladell*] will obviate any further litigation of issues in this case."); *Advanced Internal Techs, Inc. v. Google, Inc.*, No. C-05-02579, 2006 WL 889477, at *1-2 (N.D. Cal. Apr. 5, 2006) (granting motion to stay in part because judicial resources would not be "wasted" by having to consider pending motion for class certification). Moreover, as mentioned above, the Court likely will be required to referee significant discovery disputes in this action. The continued litigation of these issues and any rulings by this Court could jeopardize the compromise reached on the same issues under the *Fladell* settlement and interfere with the approval process. *Packer*, 2011 WL 1099001, at *2 (noting stay would prevent the parties from being "compelled to unnecessarily litigate claims in different fora, [and] become subject to competing court orders.")

## II.     A Stay Will Not Prejudice Plaintiffs.

In addition, Plaintiffs will suffer no prejudice from a brief stay of this action. *See JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *4 ("[T]here is no showing of any fair possibility of damage to Plaintiffs as a result of a brief stay."). Rather, allowing the parties, including the *Cannon* Plaintiffs, to focus on settlement fairness, is in everyone's best interests at this time. If the *Fladell* settlement is not approved or fails for any reason, Plaintiffs can move to lift the stay and resume prosecution of this action. If Plaintiffs believe the *Fladell* settlement is unfair to the putative class or otherwise inappropriate, they can focus their resources on contesting fairness and raising objections to the *Fladell* settlement terms during the settlement approval proceedings conducted by the Chief Judge Moreno. *See In re JP Morgan Chase LPI Hazard Litig.*, 2013 WL

9

3829271, at *4 ("Plaintiffs will suffer no prejudice because [a stay] will allow them to focus their resources on attacking the fairness of the potential [*Fladell*] settlement in the Southern District of Florida."); *Nesbit v. Fornaro*, No. 11-cv-00092, 2011 WL 1869917, at *3 (D. Nev. Mar. 31, 2011) (recommending district court grant stay in favor of previously filed class action in which parties had reached proposed settlement and stating that plaintiff in the stayed action should raise any objection to settlement in the court overseeing the settlement); *Annunziato*, 2006 WL 5014567, at *5 n.5 (noting objection to settlement properly raised before court overseeing settlement); *Advanced Internal Techs, Inc.*, 2006 WL 889477, at *1-2 (same).

## CONCLUSION

The *Fladell* settlement makes it possible for Defendants and the putative class members to resolve, once and for all, the Wells Fargo LPI Class Actions and all of the claims asserted in this action. Accordingly, Defendants respectfully request that the Court enter an order staying all proceedings and vacating all motion, discovery, and settlement conference deadlines in *Cannon* during the pendency of the *Fladell* settlement approval process.

Date: February 7, 2014

SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP and CARLTON FIELDS
JORDEN BURT, P.A.

By: /s/ *Peter S. Hecker*
     Peter S. Hecker

Attorneys for Defendant
American Security Insurance Company

Date: February 7, 2014

SEVERSON & WERSON
A Professional Corporation

By: /s/ *Jonah S. Van Zandt*
     Jonah S. Van Zandt

Attorneys for Defendants
Wells Fargo Bank, N.A. and
Wells Fargo Insurance, Inc.

10
DEFENDANTS' MOTION TO STAY PENDING SETTLEMENT PROCEEDINGS IN RELATED ACTION; MEMORANDUM OF LAW IN SUPPORT OF MOTION; C12-1376-EMC

**ATTESTATION UNDER CIVIL L.R. 5-1(i)(3)**

I, Jonah S. Van Zandt, am the ECF User whose ID and password are being used to file this Motion to Stay. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Peter S. Hecker has concurred in this filing.

/s/ *Jonah S. Van Zandt*
Jonah S. Van Zandt

270423v5